[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15533
Non-Argument Calendar
_____

D. C. Docket No. 05-00114-CR-FTM-33-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO L. DOMINGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 6, 2007)

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

Mario Dominguez appeals his conviction for conspiracy to possess with

intent to distribute more than 100 marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii) and 21 U.S.C. § 846, and possession with intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii).  Specifically, Dominguez contends that the district court committed three errors:  (1) the court erred in admitting evidence that Dominguez had been involved in a prior marijuana grow house; (2) the court erred in denying his motion for a judgment of acquittal[1] even though there was insufficient evidence to support his conviction; and (3) the court erred in refusing to instruct the jury that a "marijuana plant" must have readily apparent roots, stems and leaves.  Upon review, we find no error and affirm Dominguez's conviction.[2]

We review a district court's admission of Rule 404(b) evidence for abuse of discretion.  United States v. Miller, 959 F.2d 1535, 1538 (11th Cir. 1992) (en banc).  "We review challenges to the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government."  United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000).  We deem evidence sufficient if a

---

[1] Although Dominguez purports to appeal the district court's denial of his entire motion for acquittal, which addressed both the conspiracy count and the possession count, his brief on appeal appears to only address the conspiracy count.  Accordingly, our discussion focuses on the alleged conspiracy.  Nonetheless, we find that there was also sufficient evidence to support the conviction for possession.

[2] Appellant Mario Dominguez has filed a motion to file his reply brief out of time.  Upon consideration, his motion is **GRANTED**.

2

reasonable factfinder could have found that the evidence established that the defendant was guilty beyond a reasonable doubt. United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir. 2001). Additionally, we review a district court's rejection of a proposed jury instruction for abuse of discretion. United States v. Garcia, 405 F.3d 1260, 1273 (11th Cir. 2005).

First, we address the Rule 404(b) issue. Dominguez argues that the district court erred in admitting evidence of his prior involvement in another marijuana grow house, because the evidence was offered for the impermissible purpose of showing a propensity to commit this type of crime, in violation of Rule 404(b). He also claims that there was insufficient evidence to link him to the prior grow house or to show that marijuana was actually being grown there.

Rule 404(b) provides that extrinsic evidence of other crimes, wrongs, or acts cannot be admitted to prove a defendant's character to show action in conformity therewith. In evaluating the admissibility of Rule 404(b) extrinsic evidence, we must determine whether: (1) the evidence is relevant to an issue other than defendant's character; (2) there is sufficient proof to enable a jury to find that the defendant committed the extrinsic act; and (3) the evidence possesses probative value that is not substantially outweighed by its undue prejudice and meets the requirements of Federal Rule of Evidence 403. Miller, 959 F.2d at 1538. Any

3

relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Still, demonstrating a defendant's intent, if intent is disputed, is one permissible purpose for 404(b) "other acts" evidence.  United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998).  Where as here, the defendant puts intent at issue, the government can prove that the defendant possessed the requisite intent by offering qualifying 404(b) evidence.  Id. (citing United States v. Bowe, 221 F.3d 1183, 1192 (11th Cir. 2000)).  Accordingly, the first prong of the Miller test—the evidence is relevant to an issue other than character—is met here, where the state of mind required for the charged and extrinsic offenses is the same.  See United States v. Dickerson, 248 F.3d 1036, 1047 (11th Cir. 2001).  As for the second prong, "the uncorroborated word of an accomplice . . . provides a sufficient basis for concluding that the defendant committed extrinsic acts admissible under Rule 404(b)."  Id.  Finally, regarding the third prong, "[w]hether the probative value of Rule 404(b) evidence outweighs its prejudicial effect depends upon the circumstances of the extrinsic offense."  United States v. Dorsey, 819 F.2d 1055, 1061 (11th Cir. 1987).

In balancing prejudice and probative value, we are to consider such things as whether it appeared at the commencement of trial that intent would be contested, the strength of the government's case on the issue of intent, and the overall similarity and temporal proximity between the charged offense and extrinsic offense. Id. In Dickerson, we determined that a two-year time period between the charged acts and the subsequent extrinsic acts was not so remote as to undercut the probative value of the extrinsic acts in establishing intent. 248 F.3d at 1047. Here, it is clear that Dominguez planned to contest intent prior to trial, and the charged and extrinsic offenses are identical. Additionally, any remaining prejudice was removed by the court's limiting instruction. All three prongs of the Miller test are met.

Furthermore, there was sufficient evidence linking Dominguez to the earlier grow house and indicating that the residence was in fact used to grow marijuana. His codefendant, Jose Morales, as part of a plea agreement, testified at trial regarding Dominguez's involvement in the scheme. Dominguez's name was also on the lease of the residence, and there was evidence inside the home suggesting a grow house had been operated there. The district court did not abuse its discretion in admitting evidence of Dominguez's prior involvement with another grow house.

Next we turn to the sufficiency of the evidence issue. Dominguez asserts

5

that the evidence shows that he was "merely present" at the house and fails to prove that he was involved in any conspiracy. Furthermore, he argues that the only testimony regarding his complicity in the drug operation came from Morales, a long-time drug user and five-time convicted felon. Finally, Dominguez claims that the jury placed undue emphasis on evidence of Dominguez's prior involvement in a similar drug operation. We disagree, and find ample evidence in the record to support Dominguez's conviction.

In order to sustain a conspiracy conviction under 21 U.S.C. § 846, the government must prove beyond a reasonable doubt that (1) an illegal agreement existed to possess with intent to distribute marijuana; (2) Dominguez knew of it; and (3) Dominguez knowingly and voluntarily joined the agreement. See United States v. Charles, 313 F.3d 1278, 1284 (11th Cir. 2002). "Where the government's case is based on circumstantial evidence, reasonable inferences, and not mere speculation, must support the jury's verdict." Id. (quotation marks omitted). While presence is a factor to consider in determining whether a defendant joined a conspiracy, mere presence will not support a conspiracy conviction. Id. The government must prove that Dominguez "knew the essential nature of the conspiracy." Id.

Here, Dominguez's conviction turned on intent, and as noted, Morales'

6

testimony and evidence of Dominguez's prior involvement in a grow house demonstrated the requisite intent. It was within the province of the jury to accept or reject Morales' testimony. See United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999). Testimony is incredible as a matter of law if it includes "facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature." United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985) (quotations marks omitted and alteration in original). But "the fact that [the witness] has consistently lied in the past, engaged in various criminal activities, thought that his testimony would benefit him, and showed elements of mental instability does not make his testimony incredible." Id. (alteration in original).

Morales' testimony was not incredible as a matter of law, and the jury could properly rely on it. Therefore, the government proved, using reasonable inferences, that an illegal agreement existed between Morales and Dominguez; Dominguez was aware of the agreement; and he knowingly and voluntarily joined it. See Charles, 313 F.3d at 1284. There was sufficient evidence to sustain the conspiracy conviction, and the district court did not err in denying Dominguez's motion for a judgment of acquittal.

Finally, Dominguez argues that the district court erred in refusing to give his

proposed jury instruction defining the term "marijuana plant" as having "three characteristic components readily apparent to a person's eye: roots, stems, and leaves." He claims that the instruction was material to the issue of punishment because, if he had been convicted of conduct involving less than 100 plants, he would not have been subject to a 5-year mandatory minimum sentence. Dominguez points to evidence that the jury considered two root systems to be marijuana plants, even though the definition he claims we established in United States v. Foree, 43 F.3d 1572, 1581 (11th Cir. 1995), excluded such systems. Dominguez further notes that the verdict form contained numerous "cross outs," including one where the jury unanimously had voted for less than 100 plants but then changed its mind. Therefore, Dominguez argues that the district court incorrectly presented the law such that the jury was misguided in determining the number of plants involved.

The district court has broad discretion in formulating jury instructions as long as those instructions correctly state the law. Garcia, 405 F.3d at 1273. "The district court's refusal to incorporate a requested jury instruction will be reversed only if the proffered instruction was substantially correct, the requested instruction was not addressed in charges actually given, and failure to give the instruction seriously impaired the defendant's ability to present an effective defense." Id.

8

(quotation marks omitted).

Neither the applicable statutes nor our pattern jury instructions defines the term "marijuana plant." But the term is defined with regard to sentencing: a marijuana plant is "an organism having leaves and a readily observable root formation." U.S.S.G. § 2D1.1 cmt. n.17. This is relevant because a 5-year mandatory minimum sentence applies when a violation of 21 U.S.C. § 841(a) involves 100 or more "marijuana plants." 21 U.S.C. § 841(b)(1)(B)(vii).

There is no question that Dominique developed his proffered instruction based on our language in Foree that a "marijuana plant" has "three characteristic components readily apparent to the unaided layperson's eye: roots, stems, and leaves." 43 F.3d at 1581 (quotation marks omitted). But that was not the holding of that case. We held that, for the purposes of sentencing, "cuttings and seedlings are not 'marihuana plants' within the meaning of 21 U.S.C. § 841(b) and U.S.S.G. § 2D1.1(c) unless there is 'some readily observable evidence of root formation.'" Id. (quoting United States v. Edge, 989 F.2d 871, 887 (6th Cir. 1993)). As our subsequent cases have confirmed, root formation alone was central in the Foree decision. See United States v. Shields, 87 F.3d 1194, 1197 (11th Cir. 1996) (en banc) (noting that Foree held that marijuana cuttings are not considered plants unless they developed roots); United States v. Antonietti, 86 F.3d 206, 208 (11th

9

Cir. 1996) (noting that <u>Foree</u> held that cuttings or seedlings are not considered plants until they develop their own roots).

Thus, Dominguez proffered jury instruction was not a correct statement of the law and, therefore, failed the first prong of the <u>Garcia</u> test, which states that the defendant must offer a substantially correct jury charge. <u>See</u> 405 F.3d at 1273.

Additionally, in <u>Foree</u>, we expressly stated that a defendant was not entitled to a jury instruction on the definition of "marihuana plant" at trial. 43 F.3d at 1582. <u>Foree</u> was solely focused on sentencing issues, and we held that a definition during trial was unnecessary because the definition of a "marijuana plant" has nothing to do with the government's burden of proof as to the underlying offense. <u>Id.</u> The elements of the charged offenses include (1) possession and (2) the intent to distribute. 21 U.S.C. § 841. Regardless of the exact number of "marihuana plants" at issue here, there is no question that Dominguez possessed at least some number of plants with the intent to distribute them. That is all that was required to sustain a conviction. <u>See</u> <u>id.</u> The district court did not abuse its discretion in refusing to give the requested instruction.

**AFFIRMED.**

10