[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 5, 2008
THOMAS K. KAHN
CLERK

No. 06-14216
Non-Argument Calendar

_____

D. C. Docket No. 05-14088-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDIE JAMES MCQUEEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 5, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

A Southern District of Florida grand jury indictment charged appellant, Kurt Stone, and Don Stone in Count One for conspiracy to possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), 846, and in Count Two for possession with the intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1). The indictment charged appellant alone in Count Three with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Kurt and Don Stone, brothers, entered guilty pleas under plea agreements with the Government; Don Stone cooperated with the Government and testified in the its case-in-chief.

Appellant stood trial and the jury convicted him as charged. The evidence of guilt presented to the jury was overwhelming. The Stones were crack addicts. They met appellant in West Virginia, and called him "Number One," because he had the best crack in West Virginia. The Stones became appellant's "right-hand men," performing all sorts of tasks for appellant, among them selling crack and driving him to locations to obtain cocaine. The operation eventually moved to Florida. They were arrested there and drugs and the firearm described in Count Three were seized.

The district court sentenced appellant to concurrent prison sentences: for life

on Count One, the minimum sentence mandated by statute for a person with appellant's criminal history, see 21 U.S.C. § 841(b)(1)(A), for 360 months on Count Two, and for 120 months on Count Three. He now appeals.

Appellant asks that we vacate his convictions and remand the case for a new trial on the ground that the court committed plain error in admitting into evidence, under Fed. R. Evid. 404(b), as extrinsic evidence, his 2002 conviction involving cocaine, and, alternatively, that we vacate his sentences on the ground that the court infringed his Sixth Amendment rights by enhancing his sentences on the basis of a prior conviction that was not alleged in the indictment and found by the jury beyond a reasonable doubt. We address these issues in order. A district court's decision to admit extrinsic evidence under Fed.R.Evid. 404(b) is ordinarily reviewed for abuse of discretion. United States v. Calderon, 127 F.3d 1314, 1331 (11th Cir. 1997), modified on other grounds by United States v. Toler, 144 F.3d 1423, 1427 (11th Cir. 1998). Where, as here, though, a defendant fails to preserve an issue for appeal, our review is for plain error only.[1] See United States v. Edouard, 485 F.3d 1324, 1343 (11th Cir. 2007). To prevail under the plain error

---

[1] Although appellant argues on appeal that the filing of his motion in limine was sufficient to preserve this issue for appeal, "[a] defendant must object at trial to preserve an objection on appeal; the overruling of a motion in limine will not suffice." See United States v. Khoury, 901 F.2d 948, 966 (11th Cir. 1990). Here, appellant did not object at trial; hence, he failed properly to preserve the Rule 404(b) issue. See United States v. Rutkowski, 814 F.2d 594, 598 (11th Cir. 1987).

standard, an appellant bears the burden of demonstrating that (1) the district court plainly erred, and (2) the error implicated his substantial rights. Id. at 1343, n.7. We may then correct the error if the error has "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Id. "The third prong of the plain-error test 'almost always requires that the error must have affected the outcome of the district court proceedings.'" United States v. Ronda, 455 F.3d 1273, 1304 (11th Cir. 2006), cert. denied, 127 S.Ct. 1327 (2007) (citation omitted).

Under Rule 404(b), extrinsic evidence is not admissible to prove a "defendant's character in order to show action in conformity therewith. Such evidence is, however, admissible if it is relevant to other material issues in that case." Calderon, 127 F.3d at 1330. We employ a three-pronged test for admissibility of extrinsic evidence under the rule: (1) the issue must be relevant to an issue other than a defendant's character; (2) the evidence must be sufficient to support a finding that the defendant actually committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by unfair prejudice. Id.

Concerning the first prong, "[a] defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b)

4

evidence absent affirmative steps by the defendant to remove intent as an issue." United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998); see also United States v. Roberts, 619 F.2d 379, 383 (5th Cir. 1980) ("In every conspiracy case, . . . a not guilty plea renders the defendant's intent a material issue . . . . Evidence of such extrinsic offenses as may be probative of a defendant's state of mind is admissible unless [the defendant] 'affirmatively takes the issue of intent out of the case'") (alteration omitted). "Where the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses." United States v. Dorsey, 819 F.2d 1055, 1059 (11th Cir. 1987). "Thus, where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied." Edouard, 485 F.3d at 1345. Evidence of prior personal drug use is admissible to prove intent in a subsequent prosecution for distribution of narcotics. See United States v. Butler, 102 F.3d 1191, 1196 (11th Cir. 1997). Put another way, "evidence of prior [personal drug] use is relevant to proof of intent." Id.

Concerning the final prong, "'[w]hether the probative value of Rule 404(b) evidence outweighs its prejudicial effect depends upon the circumstances of the extrinsic offense.'" Edouard, 485 F.3d at 1345 (quoting Dorsey, 819 F.2d at 1062). "Factors to be considered include whether it appeared at the

5

commencement of trial that the defendant would contest the issue of intent, the overall similarity of the charged and extrinsic offenses, and the temporal proximity between the charged and extrinsic offenses." Id. A prior conviction may, in some circumstances, be too remote to be probative. See United States v. Pollock, 926 F.2d 1044, 1047 (11th Cir. 1991). However, the appellant "bears a heavy burden in demonstrating an abuse of the court's 'broad discretion in determining if an extrinsic offense is too remote to be probative.'" Id. (citation omitted). In United States v. Lampley, 68 F.3d 1296, 1300 (11th Cir. 1995), we held that a district court did not abuse its discretion in refusing to exclude evidence of a prior marijuana conviction that was approximately 15 years old on the ground that it was so remote that its probative value was substantially outweighed by the danger of unfair prejudice. Nevertheless, "if the government can do without such evidence [of an extrinsic offense], fairness dictates that it should[.]" Pollock, 926 F.2d at 1049.

To the extent that evidence of a prior conviction might be prejudicial to a defendant, a district court can mitigate the prejudice by giving a cautionary instruction on the limited use of such evidence. See United States v. Diaz-Lizaraza, 981 F.2d 1216, 1225 (11th Cir. 1993).

Here, the 2002 felony conviction for possession of cocaine was relevant to

prove appellant's intent to join a conspiracy to distribute cocaine base, and his intent to possess and distribute cocaine. Moreover, the evidence was sufficient to establish that he actually committed the prior offense. Finally, the probative value of the evidence was not substantially outweighed by unfair prejudice. In sum, extrinsic evidence was admissible, and we are obliged to affirm appellant's convictions.

The Sixth Amendment guarantees the right to trial by an impartial jury. U.S. Const. amend. VI. But it "does not require the government to allege in its indictment or to prove beyond a reasonable doubt that a defendant's prior convictions qualify him for enhanced sentencing." United States v. Dowd, 451 F.3d 1244, 1253 (11th Cir.), cert. denied 127 S.Ct. 335 (2006). This statement renders appellant's challenge to his sentences meritless.

AFFIRMED.