[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-12164
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 14, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00460-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BETTY SYLVESTER,
a.k.a. Betty Sanders, etc.
DASHANE LAUREL,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 14, 2008)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Dashane Laurel appeals his convictions for conspiracy to possess with intent to distribute five kilograms or more of a mixture containing cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute 500 grams or more of a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(B)(ii) and 18 U.S.C. § 2, and aggregate sentence of 292 months' imprisonment.[1]  Laurel asserts several issues on appeal, which we address in turn.  After review, we affirm Laurel's convictions and aggregate sentence.

I.

Laurel asserts the evidence at trial was insufficient to support his convictions.  Normally, we review the sufficiency of the evidence *de novo*, drawing all reasonable inferences in favor of the government.  *United States v. Hernandez*, 433 F.3d 1328, 1332 (11th Cir. 2005).  "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt."  *United States v. Harris*, 20 F.3d 445, 452 (11th Cir. 1994) (quotations omitted).  Additionally, when a defendant chooses to testify, the jury is free to reject his testimony as false and to

---

[1] This opinion does not concern Laurel's co-appellant, Betty Sylvester, whose convictions and aggregate 294-month sentence were affirmed after we granted her counsel's motion to withdraw pursuant to *Anders v. California*, 87 S. Ct. 1396 (1967) on May 13, 2008.  Further, we do not consider Laurel to have adopted any brief filed in Sylvester's appeal, particularly because he did not describe the portions he wished to adopt.  *See* 11th Cir. R. 28-1 (requiring a detailed description of the portions desired to be adopted).

conclude that the opposite of his testimony is true. *United States v. Vazquez*, 53 F.3d 1216, 1226 (11th Cir. 1995).

In this Circuit, a presentation of a defense case after the denial of a motion for judgment of acquittal, made at the close of the government's case-in-chief, operates as a waiver of any objection to the decision on the motion. *United States v. Jones*, 32 F.3d 1512, 1516 (11th Cir. 1994). Further, when the defendant fails to move for a judgment of acquittal at the close of the evidence, he shoulders a heavier burden, and his conviction will only be reversed "where doing so is necessary to prevent a manifest miscarriage of justice." *United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006). This standard requires the conviction to be shocking in light of the evidence. *Id.* In this case, because Laurel failed to move for judgment of acquittal on the conspiracy charge at any point, or as to the possession count at the close of the evidence, the latter showing is required.

Section 841 of Title 21 of the United States Code makes it a crime to knowingly possess cocaine with the intent to distribute it. In order to obtain a conviction under § 841, the government must "prove three elements: (1) knowledge; (2) possession; and (3) intent to distribute." *United States v. Poole*, 878 F.2d 1389, 1391 (11th Cir. 1989). These elements may be proved by either direct or circumstantial evidence. *Id.* at 1391-92.

3

Section 846 of Title 21 of the United States Code punishes a person who conspires to do something which if carried out would violate § 841. In order to obtain a conspiracy conviction under § 846, the government must prove: "1) the existence of an agreement among two or more persons; 2) that the defendant knew of the general purpose of the agreement; and 3) that the defendant knowingly and voluntarily participated in the agreement." *United States v. Simpson*, 228 F.3d 1294, 1298 (11th Cir. 2000). Participation in a conspiracy may be inferred from a collocation and development of circumstances with presence at the scene of the crime being of probative value. *United States v. McDowell*, 250 F.3d 1354, 1365 (11th Cir. 2001).

The evidence supports the jury's guilty verdict on each count. First, Laurel chose to testify that he did not conspire to distribute cocaine, did not actually possess the cocaine, and did not know that Sylvester possessed cocaine or that it was in the vehicle. Therefore, the jury was entitled to conclude that the opposite was true and convict him of both conspiracy and possession. *See Vazquez*, 53 F.3d at 1226. Even without his testimony, the evidence showed Laurel was arrested during a controlled purchase and Byron Washington purchased at least 100 kilograms of cocaine from Sylvester, with Laurel present during their transactions, from September through November. Further, Laurel played an active role in the

transactions because he explained to Washington the purpose of the rod in the cocaine blocks, connected Washington with another within the conspiracy to negotiate the price, and personally exchanged drugs for money with Washington.

Viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in favor of the verdict, the evidence supported the jury's conclusion that Laurel entered into an agreement to distribute at least 5 kilograms of a mixture containing cocaine and actually possessed at least 500 grams of a mixture containing cocaine with intent to distribute it. *See McDowell*, 250 F.3d at 1365; *Poole*, 878 F.2d at 1391.  Therefore, sufficient evidence supported adjudication of guilt, and we affirm Laurel's convictions for conspiracy to possess with intent to distribute five kilograms or more of a mixture containing cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute 500 grams or more of a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(B)(ii) and 18 U.S.C. § 2.

## II.

Laurel also raises two sentencing issues.  He contends the district court erroneously determined the drug quantity for which he was accountable under U.S.S.G. § 2D1.1.  He further asserts the district court erred in enhancing his offense level for obstruction of justice under U.S.S.G. § 3C1.1.

We review the district court's interpretation and application of the Guidelines to the facts *de novo* and its factual determinations for clear error. *United States v. Zapata*, 139 F.3d 1355, 1357 (11th Cir. 1998). Clear error is present if we are "left with a definite and firm conviction that a mistake has been committed" by the district court. *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005) (quotation and citation omitted).

Proper calculation of the Guidelines requires consideration of all relevant conduct. *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006). Relevant conduct should include: (1) all acts committed, aided, abetted, procured, or willfully caused by a defendant; and (2) all reasonably foreseeable acts of others in furtherance of a jointly undertaken criminal activity that occurred during the commission of the offense. U.S.S.G. § 1B1.3(a)(1). The commentary clarifies that, in the case of contraband, a conspirator's relevant conduct includes amounts directly attributable to the conspirator and "all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that [the conspirator] jointly undertook." *Id.* comment. (n.2).

Under the Guidelines, if a defendant is held accountable for at least 50 but less than 150 kilograms of cocaine, the base offense level is 36. U.S.S.G. § 2D1.1(a)(3),(c)(2). The determination of the quantity of drugs may be

based on non-speculative, fair, accurate, and conservative estimates of the quantity. *United States v. Zapata*, 139 F.3d 1355, 1359 (11th Cir. 1998).

Laurel was convicted of conspiring with Sylvester to distribute drugs from April through December 2005. At sentencing, the district court specifically recalled Washington's testimony that Sylvester delivered a minimum of 100 kilograms of cocaine to him in Florida with Laurel accompanying her except on two occasions. Because Laurel participated in these transactions, he personally aided in the delivery of the 100 kilograms of cocaine. Thus, the district court did not err in including 100 kilograms as part of Laurel's relevant conduct. U.S.S.G. § 1B1.3(a)(1)(A).

Likewise, the record supported that court's finding of the quantity of cocaine to be 100 kilograms based on Washington's testimony. *See Zapata*, 139 F.3d at 1359. Even if 20 kilograms of cocaine is subtracted from the total 100 kilograms in order to account for the two times Washington recalled that Sylvester was accompanied by someone other than Laurel, the drug weight exceeds 50 kilograms, which still places Laurel in the 50 to 150 kilograms of cocaine category and warrants a base offense level of 36 under § 2D1.1's table. U.S.S.G. § 2D1.1(a)(3),(c)(2). Therefore, the district court did not clearly err in applying 36 as the base offense level.

Section 3C1.1 of the Guidelines provides that, if a defendant willfully obstructs or impedes, or attempts to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of his offense of conviction, the offense level is increased by 2 levels. The commentary specifically cites perjury as an example of conduct supporting application of this sentencing enhancement. U.S.S.G. § 3C1.1 comment. (n.4(b)). Perjury, for purposes of obstruction of justice, is defined as giving, under oath, "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *See United States v. Dunnigan*, 113 S. Ct. 1111, 1116 (1993), *abrogated on other grounds*, *United States v. Wells*, 117 S. Ct. 921 (1997).

At trial, two officers testified that Laurel admitted: (1) he and Sylvester delivered three blocks of cocaine to a man in Fort Walton Beach prior to driving to DeFuniak Springs; (2) Sylvester paid him $1,000.00 for the trip; and (3) he and Sylvester previously had traveled to Fort Walton and to meet with Washington to deliver cocaine. These admissions were corroborated by the testimony of Washington and Roulhac that Laurel actively participated in several drug transactions. However, Laurel testified he knew nothing of the drugs or the purpose in going to Florida and he was just holding $1,000.00 for Sylvester. Such

8

dramatic differences between his testimony and his inculpatory statement and the evidence corroborating the content of his statement could not result from simply confusion, mistake, or faulty memory. In light of this evidence, the court did not clearly err in finding Laurel offered perjured testimony to warrant enhancement his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Accordingly, we affirm Laurel's aggregate 292-month sentence.[2]

**AFFIRMED**

---

[2] Laurel does not challenge the reasonableness of his low-end, Guidelines range sentence on appeal.