[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2010
JOHN LEY
CLERK

No. 09-12969
Non-Argument Calendar

_____

D. C. Docket No. 08-00257-CR-KD


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

                        versus

VUI VAN HO,
a.k.a. Long Hair,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 12, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

The United States charged Vui Van Ho with four counts of possession with intent to distribute methamphetamine and one count of criminal forfeiture. A jury convicted Defendant on one count of possession and acquitted Defendant on the remaining counts. Defendant sold 6.2 grams of methamphetamine during the transaction for which Defendant was convicted. During sentencing, the District Court attributed 59.9 grams of methamphetamine to Defendant. We see no reversible error; we affirm.

Defendant was involved in selling methamphetamine to a confidential informant. The first three transactions were supposed to be for methamphetamine "ice" totaling 53.7 grams. The "drugs" sold during the first three transactions were not what had been agreed upon; the police lab determined the substance contained no methamphetamine. During the fourth transaction, Defendant provided 6.2 grams of methamphetamine.

The presentence report recommended holding Defendant accountable for 53.7 grams of methamphetamine "ice" and 6.2 grams of methamphetamine. Using these quantities, the presentence report assigned a base offense level of 32. Defendant objected to culpability for drug quantity above the 6.2 grams of methamphetamine that he had actually been convicted of possessing.

2

During the sentencing hearing, the United States presented two witnesses who had not testified at trial. Both witnesses discussed their relationship with Defendant's son. Defendant's son ran a drug ring and used Defendant for some smaller transactions -- these smaller transactions were the focus of the testimony. Defendant would act as a mule between his son and the witnesses on occasion, and the witnesses testified on both the quantity and nature of the drugs that Defendant carried.

The District Court credited the witnesses' testimony that Defendant was a drug go-between. The District Court did not credit the witnesses' testimony that Defendant carried methamphetamine "ice"; it only attributed methamphetamine to the Defendant. The District Court determined that Defendant was reasonably capable of providing--and was culpable for--59.9 grams of methamphetamine. The District Court calculated a base offense level of 26, which provides a base guideline range of 63 to 78 months. Based in part on Defendant's refusal to admit guilt in the face of video evidence, the District Court sentenced Defendant to 70 months.

We review the District Court's determination of the quantity of drugs for sentencing purposes for clear error. United States v. Zapata, 139 F.3d 1355, 1357 (11th Cir. 1998).

The District Court determined the quantity of methamphetamine that Defendant was sentenced for based on the four transactions Defendant had with the informant, even though Defendant was acquitted of the counts relating to three of those transactions. A District Court may take acquitted conduct into account during sentencing. United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir. 2005). As long as the final sentence does not exceed the statutory maximum for the convicted count, no constitutional violation is involved. Id.

Application note 12 of the United States Sentencing Guidelines § 2D1.1 says "[t]ypes and quantities of drugs not specified in the count of conviction may be considered in determining the offense level." The note later goes on to say, "[i]f the offense involved both a substantive drug offense and an attempt . . . the total quantity involved shall be aggregated to determine the scale of the offense." Also, "[i]f an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level . . . ."

The District Court based the 59.9 gram drug quantity on the amount of methamphetamine that Defendant attempted to sell to the confidential informant. The District Court was also authorized to take into account the quantities to which the witnesses testified. United States v. Frazier, 89 F.3d 1501, 1506 (11th Cir.

4

1996)("In estimating the quantity of drugs attributable to a defendant, a court may base its computation on evidence showing the average frequency and amount of a defendant's drug sales over a given period of time").

The record supports the District Court's calculation of 59.9 grams of methamphetamine. Defendant's sentence was within the statutory range for the count of conviction. Defendant asks us to overturn the District Court's credibility determination on the two witnesses. "[W]e give great deference to the district court's assessment of the credibility and evidentiary content of [witnesses's] testimony." United States v. Lee, 68 F.3d 1267, 1276 (11th Cir. 1995). "Because appellate courts reviewing a cold record give particular deference to credibility determination of a fact-finder who had the opportunity to see live testimony we do not second guess the court's judgments." CBS Broad., Inc. v. EchoStar Commc'ns Corp., 450 F.3d 505, 517 n.23 (11th Cir. 2006)(internal citation omitted). We see no reason to second-guess the District Court's credibility determinations in this case.

AFFIRMED.