**[PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-6270
Non-Argument Calendar
_____

D.C. Docket No. CR-96-72-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABEL ZAPATA,
LUIS OCAMPO,

Defendants-Appellants.

_____

Appeals from the United States District Court for the
Middle District of Alabama
_____

**(April 28, 1998)**

Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and CLARK, Senior Circuit
Judge.

PER CURIAM:

Abel Zapata and Luis Ocampo appeal their convictions and sentences for conspiracy to distribute and possess with intent to distribute marijuana, and distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On appeal, Zapata and Ocampo contend that their convictions and sentences should be reversed because the admission of extrinsic-offense evidence under Federal Rules of Evidence 404(b) violated their rights to a fair trial and the district court erroneously "rounded-up" the conversion of drug quantity to set the base offense level.

A trial court has broad discretion in determining the admissibility of evidence; its ruling will not be disturbed on appeal absent an abuse of discretion. United States v. Hicks, 798 F.2d 446, 451 (11th Cir. 1986), cert. denied, 479 U.S. 1035, 107 S.Ct. 886, 93 L.Ed.2d 839 (1987). This court reviews the district court's drug-quantity determination for clear error. United States v. Jackson, 115 F.3d 843, 845 (11th Cir. 1997). However, if a party fails to raise objections to an issue before the district court, this court should review this issue only for plain error. See United States v. Chisholm, 73 F.3d 304, 307 (11th Cir. 1996). This Court reviews de novo the district court's interpretation and application of the guidelines to the facts. United States v. Barakat, 130 F.3d 1448, 1452 (11th Cir. 1997).

Upon review of the trial and sentencing transcripts and the presentence investigation report, and upon consideration of the arguments of the parties, we find no reversible error as to admission of extrinsic-offense evidence under Fed.R.Evid. 404(b) with regard to both defendants. However, we find reversible error as to the district court's "rounding-up" drug-quantity conversions.

### Admission of Extrinsic Evidence

Federal Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, proved that upon request by the accused the prosecution in a criminal case shall provide reasonable notice in advance of trial, . . . of the general nature of any such evidence it intends to introduce at trial.

The principles governing "other crimes" evidence is the same whether the conduct occurs before or after the offenses charged. United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995), cert. denied, ___ U.S. ___, 116 S.Ct. 713, 133 L.Ed.2d 667 (1996). The "other crimes" evidence is evaluated under a three-part test: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence

3

must not be substantially outweighed by its undue prejudice, and the evidence must meet the requirements of Rule 403.  United States v. Miller, 959 F.2d 1535, 1538 (11th Cir.) (en banc), cert. denied, 506 U.S. 942, 113 S.Ct. 382, 121 L.Ed.2d 292 (1992).

A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the  government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue.  Delgado, 56 F.3d at 1365.  The relevance of other crimes evidence to intent is determined by comparing the defendant's state of mind in committing both the extrinsic and charged offenses.  Id.  Where the state of mind required for both offenses is the same, the extrinsic crime is relevant to the charged offense.  Id.  As to the second prong of the three-part test, other crimes evidence has a relatively high incremental value and is not easily excludable where the government does not have overwhelming evidence of the defendant's predisposition to commit the crime or of knowledge of such maters.  United States v. Richardson, 764 F.2d 1514, 1523 (11th Cir.), cert. denied sub. nom Crespo-Diaz v. United States, 474 U.S. 952, 106 S.Ct. 320, 88 L.Ed.2d 303 (1985).  Extrinsic evidence which is "very similar" to the charged offense as to their "overall purposes" may be highly probative.  Delgado, 56 F.3d at 1366.  Although the period of time separating the extrinsic conviction and the charged offense may lessen the probative value of the extrinsic evidence, this court

4

has held that a subsequent conviction fifteen months after the charged offense was properly admitted.  United States v. Terebecki,  692 F.2d 1345, 1349 (11th Cir. 1992).

The extrinsic evidence introduced against Zapata and Ocampo  was documents showing their convictions, and thus satisfying the second prong of the three-part test.  Both Zapata and Ocampo pled not guilty, making intent a material issue.  Neither of their attorneys took affirmative steps before the trial to indicate that the government would be relieved of proving intent. Their convictions involved the same state of mind at issue in the charged offenses.  Therefore, the other crimes evidence was plainly relevant to the issue of intent, and the first prong is met.  As to the third prong, the government did not have overwhelming evidence of either Zapata's or Ocampo's intent to conspire and to distribute marijuana because all parties and the court agreed that the testimony of Castillo and Ovido was not credible. Without that testimony, the government could only rely on the testimony of Norma Castillo and the testimony of Agents James Duff and Maurine Murphy.  Norma Castillo testified that she saw Zapata come to her house to visit her husband, Rolando Castillo, and she also saw Ocampo in the van on the day of her husband's arrest.  The agents testified that they saw Ocampo in a crime-suspected area under surveillance. In addition, both Zapata's and Ocampo's extrinsic offenses were sufficiently similar

5

to the charged offense because the overall purpose for each offense was trafficking in marijuana.

Finally, neither Zapata nor Ocampo can show undue prejudice. Ocampo's extrinsic conviction, which was fourteen months from the date of the charged offense, was not so remote as to be probative. Their extrinsic convictions were not heinous acts which would have produced an irrational response from the jury nor were likely to mislead or confuse the jury. Richardson, 764 F.2d at 1523. At the time of the admission of the extrinsic evidence and in the final jury instructions, the district judge diminished the prejudicial impact of the evidence by properly instructing the jury for what limited purpose the extrinsic evidence was to be used.

## Attributable Drug Quantities

At sentencing, the district court determined that the quantity of marijuana attributable to both Zapata and Ocampo individually was 44 pounds which would yield a base offense level of 18 based on between 20 to 40 kilograms of marijuana. Although during Ocampo's sentencing the probation officer remarked that 44 pounds of marijuana actually converted to 19.9584 kilograms of marijuana, resulting in a base offense level of 16, the district court "rounded up" the drug quantity to twenty kilograms. Zapata failed to object to the drug quantity conversion at sentencing; Ocampo objected.

As the probation officer correctly noted, the Sentencing Guidelines' drug quantity table is clear and unambiguous that the conversion of 44 pounds of marijuana equals 19.9584 kilograms. See U.S.S.G. § 2D1.1, comment. (n. 10) (measurement conversion table) ("1 lb = .04536 kg"). The language of the Sentencing Guidelines is to be given its plain and ordinary meaning, unless to do so would produce "an absurd result contrary to the drafters' manifest intent." United States v. Tham, 118 F.3d 1501, 1506-1507 (11th Cir. 1997). An offense level of 16 is specified if the defendant was attributed with "[a]t least 10 KG but less than 20 KG of Marihuana." U.S.S.G. § 2D1.1(c)(12). Because Zapata and Ocampo were each attributed with 44 pounds, which converts to 19.9584 kilograms of marijuana, the plain meaning of § 2D1.1(c)(12) directs a base offense level of 16.

Although sentencing may be based on fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant, sentencing cannot be based on calculations of drug quantities that are merely speculative. United States v. Brazel, 102 F.3d 1120, 1159 n. 32 and 33 (averaging the quantity of drugs by "rounding down"), 1160, 1161 n .34 (11th Cir.), cert. denied, ___U.S.___, 118 S.Ct. 79, 139 L.Ed.2d (1997).

The district court's "rounding up" of the drug quantity calculation was not based on any legal or factual support as there was no finding that either defendant

7

was involved in relevant conduct that would prove that they were involved with "at least" 20 kilograms of marijuana. In fact, the district court rejected the government's argument that 110 pounds of marijuana was attributable to Ocampo as relevant conduct, and specifically found that Ocampo was responsible for only 44 pounds.

We conclude that the district court did not abuse its discretion in admitting extrinsic-offense evidence to prove Zapata and Ocampo's intent. However, we conclude that the district court clearly erred in "rounding-up" Ocampo's drug-quantity conversion, and committed plain error when it "rounded-up" Zapata's drug-quantity conversion.

For the reasons stated above, we AFFIRM Zapata's and Ocampo's convictions, but VACATE their sentences, and REMAND for resentencing consistent with this opinion.