[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2006
THOMAS K. KAHN
CLERK

No. 05-16430
Non-Argument Calendar
_____

D. C. Docket No. 05-00066-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE L. CRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(June 27, 2006)**

Before ANDERSON, BIRCH  and BARKETT, Circuit Judges.

PER CURIAM:

George L. Cray appeals his 125-month sentence for distribution of cocaine

base, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(B). Cray argues that, pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005), the district court erred by sentencing him based upon drug weights from transactions that were part of dismissed counts in the indictment.

We review the drug quantity attributable to a defendant found by the district court for clear error. United States v. Zapata, 139 F.3d 1355, 1357 (11th Cir. 1998). "When a defendant objects to a factual finding that is used in calculating his guideline sentence, such as drug amount, the government bears the burden of establishing the disputed fact by a preponderance of the evidence." United States v. Rodriguez, 398 F.3d 1291, 1296 (11th. Cir.), cert. denied, 125 S.Ct. 2935 (2005).

The Supreme Court, in Booker, concluded that the Sentencing Guidelines violate the Sixth Amendment right to a trial by jury to the extent that they permit a judge, under a mandatory system, to increase a defendant's sentence based on facts that were neither found by a jury, nor admitted by the defendant. Booker, 543 U.S. at 244, 125 S.Ct. at 756. We have found, post-Booker, no constitutional defect with the sentencing judge finding the amount of drugs, even though it increased the length of the sentence. See Rodriguez, 398 F.3d at 1300. (holding, "[the] reason we know that the use of extra-verdict enhancements in a non-mandatory guidelines

2

system is not unconstitutional is that. . . [Booker] specifically provides for extra-verdict enhancements in all future sentencing. . . . The same extra-verdict enhancement provisions apply after Booker as before." ).

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Because there was sufficient reliable evidence for the district court to find that Cray was responsible for 205 grams of cocaine, and we repeatedly have held that extra-verdict enhancements are proper in an advisory system after Booker, the district court did not clearly err in using that drug amount to determine Cray's base offense level.

**AFFIRMED.**