[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10989
Non-Argument Calendar

_____

D. C. Docket No. 05-14026-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY JAY SAUNDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 27, 2006)**

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Tony Jay Saunders appeals his convictions following a jury trial for possession with the intent to distribute cocaine base, cocaine hydrochloride, and marijuana, 21 U.S.C. § 841(a)(1). On appeal, Saunders argues that the district court abused its discretion by admitting evidence of his uncharged conduct relating to a drug sale because (1) the uncharged conduct was not "inextricably intertwined" with the charged conduct because it occurred on a different day; (2) it was intended to portray Saunders as a drug dealer; (3) it was overwhelmingly prejudicial; and (4) the government did not provide the required notice under Fed.R.Evid. 404(b). For the reasons set forth more fully below, we affirm Saunders's convictions.

At Saunders's trial, Deputy Paul McNesky testified regarding Saunders's charged and uncharged conduct. Regarding the uncharged-conduct events, McNesky testified that he took an individual named Lynn Hayes into custody on the evening of April 6, 2005, after Hayes sold crack cocaine to a confidential informant ("CI"). McNesky told Hayes that he would not charge him for selling cocaine if Hayes would assist in apprehending "a drug dealer larger than himself." That same evening, Hayes contacted Saunders, arranged to purchase crack cocaine from Saunders at the residence of Saunders's girlfriend, and completed the drug buy.

2

McNesky then testified regarding the charged-conduct events, another drug buy that took place the following day. McNesky, who had obtained a search warrant for the residence of Saunders's girlfriend, explained that the plan was to have Hayes meet Saunders at that residence to purchase crack, and, when officers knew that Saunders was there, they would execute the search warrant. However, Hayes did not remain at the residence with Saunders, and instead, Hayes and Saunders drove away, and were stopped by police. The police found crack cocaine in the car, and Saunders admitted that it was his. After Saunders was arrested, police executed a search warrant on Saunders's girlfriend's residence and seized cocaine, marijuana, and digital scales. At trial, Saunders objected to the introduction of McNesky's testimony regarding the uncharged drug sale that took place on April 6, 2005.

We "review a district court's evidentiary rulings for abuse of discretion." United States v. Fortenberry, 971 F.2d 717, 721 (11th Cir. 1992). A district court's ruling on the admission of evidence will be upheld "if the admission was proper on any ground[;] it is of no consequence that the trial court may have given the wrong reason for its admission." United States v. Cardenas, 895 F.2d 1338, 1345 (11th Cir. 1990). We review preserved evidentiary objections for harmless error. United States v. Church, 955 F.2d 688, 700 (11th Cir. 1992).

3

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge . . . ." Fed.R.Evid. 404(b). The admissibility of Rule 404(b) evidence is governed by the following test:

> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005), pet. for cert. filed, (Apr. 24, 2006) (No. 05-1355) (quoting United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995)). "A similarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense." United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005). In determining whether the prejudice part of the test is satisfied, we consider "the differences between the charged and extrinsic offenses, their temporal remoteness, and the government's need for the evidence to prove intent." United States v. Diaz-Lizaraza, 981 F.2d 1216, 1225 (11th Cir. 1993).

Evidence is intrinsic, and not governed by Rule 404(b), if it is "(1) an

4

uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." United States v. McLean, 138 F.3d 1398, 1403 (11th Cir.1998).  We have also stated that

> [e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if [it is] linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

Id. (quoting United States v. Wilford, 764 F.2d 1493, 1499 (11th Cir. 1985)).

If the evidence is extrinsic Rule 404(b) evidence, "the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."  Fed.R.Evid. 404(b).  However, if the evidence is intrinsic, it is not subject to the notice requirement of Fed.R.Evid. 404(b).  United States v. Leavitt, 878 F.2d 1329, 1339 (11th Cir. 1989).

According to Federal Rule of Evidence 403, which applies to intrinsic and extrinsic evidence, a district court may exclude "relevant evidence . . . if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay,

5

waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The risk of undue prejudice can be reduced by a district court's limiting instruction. Ramirez, 426 F.3d at 1354.

The district court did not abuse its discretion by admitting Deputy McNesky's testimony regarding the April 6, 2005, drug sale. Although the court admitted the testimony under Rule 404(b), we may still determine if it was admissible on other grounds. See Cardenas, 895 F.2d at 1345. Taken in the context of McNesky's entire testimony regarding Saunders's arrest, such evidence fairly can be characterized as "inextricably intertwined" with the government's case because it related to the chain of events immediately preceding the traffic stop in which cocaine was found, explained why Saunders got into Hayes's vehicle on April 7, and why Saunders attempted to deliver cocaine to Hayes on April 7. See McLean, 138 F.3d at 1403. Moreover, the admission of such evidence cannot fairly be characterized as unduly prejudicial to Saunders because the court gave the jury a limiting instruction regarding the evidence. See Ramirez, 426 F.3d at 1354. Finally, because the evidence was not extrinsic, the government was not bound by Rule 404(b) to notify the defendant of its intent to introduce it. See Leavitt, 878 F.2d at 1339 (11th Cir. 1989).

Even assuming that the evidence of the April 6, 2005, drug sale constituted

Rule 404(b) extrinsic evidence, the district court did not abuse its discretion in admitting it because the uncharged drug evidence also satisfies our three-part test. First, the evidence is relevant to an issue other than Saunders's character, namely, his intent to sell the drugs. Saunders made intent a material issue when he pleaded not guilty. See United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998) (holding that "[a] defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue."). Second, there was sufficient proof to permit a jury finding that Saunders sold Hayes crack on April 6, 2005, because McNesky testified that it was a controlled drug sale, and Hayes's testimony regarding the sale was consistent with McNesky's testimony. Third, the probative value and government's need for this evidence substantially outweighed any unfair prejudice. The evidence had significant probative value because the charged and uncharged offenses were identical and separated by only one day. See Diaz-Lizaraza, 981 F.2d at 1225. The government's need for the evidence was strong because without hearing evidence of the April 6, drug sale, the jury might have concluded that Hayes planted the drugs in his vehicle in an attempt to avoid prosecution given that McNesky took Hayes into custody on April 6, after Hayes

7

sold drugs to a CI, and McNesky offered Hayes immunity if he assisted in apprehending a large-scale drug seller.

Finally, although the government did not inform Saunders's of its intent to introduce testimony about the April 6, 2005, drug sale, Saunders has failed to show that he was prejudiced because the government disclosed the evidence before trial at the suppression hearing and through the search warrant affidavit. Therefore, Saunders had adequate time to prepare his defense. Accordingly, we affirm Saunders's convictions.

**AFFIRMED.**