[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11555
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00005-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

PHILLIP DAVID FUSSELL,
a.k.a. Davy,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 17, 2010)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Phillip David Fussell appeals his convictions and 216-month total sentence for drug offenses, 21 U.S.C. §§ 841(a)(1), 846. No reversible error has been shown; we affirm.

On appeal, Fussell challenges the district court's denial of his motion to suppress the drugs discovered in his house on the basis that the warrant affidavit omitted material information that bore on the credibility of two informants. He contends that inclusion of these omissions would have precluded a finding of probable cause. We review the denial of a motion to suppress under a mixed standard of review, examining the district court's factual determinations for clear error and its application of law to those facts de novo. United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003). We "will not overturn a district court's decision that omissions . . . in a warrant affidavit" fail to invalidate the warrant unless the decision is clearly erroneous. See United States v. Jenkins, 901 F.2d 1075, 1079 (11th Cir. 1990).

Affidavits supporting search warrants are presumptively valid. Franks v. Delaware, 98 S.Ct. 2674, 2684 (1978). To prevail on a motion -- based on allegations of falsity in the supporting affidavit -- to suppress evidence that was

2

seized pursuant to a search warrant, the defendant has the burden of establishing that (1) the affiant made the alleged misrepresentations or omissions knowingly or recklessly, and (2) exclusion of the alleged misrepresentations or inclusion of the alleged omissions would result in a lack of probable cause. United States v. Novaton, 271 F.3d 968, 986-87 (11th Cir. 2001).

Here, the warrant affidavit was based on information received from informants Heather Mount and Exael Castillo-Pineda in two unrelated drug investigations. Police officers had information that Mount was en route to buy drugs from Fussell. The officer who made the affidavit aided in the surveillance of Mount and observed Mount enter Fussell's driveway, go into his house, later exit, and then drive away. Officers followed Mount to her home, served her with a search warrant, discovered methamphetamine in Mount's purse and in her house, and arrested her. On questioning, Mount admitted to buying the drugs in her purse from Fussell and to replenishing her supply every other day.

In the investigation of Castillo, officers recovered a large amount of methamphetamine from his residence during a consent search and also discovered a ledger documenting a transaction with Fussell. Castillo admitted to supplying Fussell regularly with drugs for a three-month period, identified Fussell's residence, and drew a map of it for officers.

3

The facts in the affidavit clearly demonstrate probable cause to believe that Fussell had methamphetamine in his house. See United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999) (explaining that "[p]robable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location"). And none of the omissions alleged by Fussell -- even if deliberately or recklessly made -- negate a determination of probable cause. Fussell notes that both Mount and Castillo initially lied to police about their drug activities upon their arrests. While these initial lies may bear on the informants' credibility, information about whether drugs were in Fussell's house independently was corroborated through officer observation of Mount entering Fussell's house and Castillo's ledger and identification of Fussell's house. See United States v. Haimowitz, 706 F.2d 1549, 1555-56 (11th Cir. 1983) (omitted negative information about the background of an informant does not necessarily invalidate the warrant if the statements are coupled with independent corroboration of information by another person).

Other omissions Fussell challenges -- that Mount was a drug addict and seller, that Castillo sold large quantities of cocaine, and that both faced potentially harsh penalties -- were implied in the warrant and serve to bolster probable cause.

And omissions of Mount's first driving past Fussell's house and parking in a parking lot and of the specific circumstances of Castillo's arrest are immaterial to the informants' credibility and to whether Fussell had drugs in his house. See Madiwale v. Savaiko, 117 F.3d 1321, 1327 (11th Cir. 1997) (omissions that are insignificant or immaterial do not invalidate a warrant). Thus, Fussell did not show that omissions invalidated the search warrant.

We now turn to Fussell's sentencing arguments. He challenges his base offense level of 38 on grounds that insufficient evidence existed to show he possessed at least 15 kilograms of methamphetamine. We review for clear error a district court's determination of the drug quantity used to establish a base offense level for sentencing purposes. United States v. Simpson, 228 F.3d 1294, 1298 (11th Cir. 2000).

The government must establish the quantity of drugs attributable to a defendant by preponderance of the evidence. United States v. Butler, 41 F.3d 1435, 1444 (11th Cir. 1995). Sentencing may be based on fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant, but cannot be based on calculations of drug quantities that are merely speculative. United States v. Zapata, 139 F.3d 1355, 1359 (11th Cir. 1998).

At trial, Castillo and another key leader in the drug conspiracy testified that

they either delivered personally or caused to be delivered to Fussell at least 50 pounds (22.7 kilograms) of methamphetamine. Both witnesses noted that this quantity was a conservative estimate.[1] Based on the direct and consistent testimony of key players in the drug conspiracy, we cannot say that the district court clearly erred in concluding that Fussell possessed at least 15 kilograms of methamphetamine. Nothing indicates that the witness estimates, though not precise, were inaccurate or exaggerated. United States v. Lee, 68 F.3d 1267, 1276 (11th Cir. 1995) (we give "great deference to the district court's assessment of the credibility and evidentiary content" of witnesses who testify at trial).

Fussell also argues that the district court erred in denying him a minor role reduction, U.S.S.G. § 3B1.2(b), because he was only a customer in the scheme of a larger drug conspiracy. We review for clear error the district court's determination about a defendant's role in an offense. United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002). "The defendant has the burden of establishing his role by a preponderance of evidence." Id. Under U.S.S.G. § 3B1.2(b), "[a] defendant warrants a two-level reduction for playing a minor role in an offense if he is less culpable than most other participants, although his role could not be described as

---

[1]Also, at sentencing, an investigating agent testified that he interviewed Castillo and Gomez during the government investigation; and both men told him that, conservatively estimating, they had delivered to Fussell at least 50 pounds of methamphetamine.

minimal." Id.

We conclude that the district court committed no clear error in denying

Fussell a minor role reduction. While Fussell was part of a larger drug conspiracy,

he only was held accountable for the drugs he purchased and distributed. See

United States v. De Varon, 175 F.3d 930, 944 (11th Cir. 1999) (explaining that

"[o]nly if the defendant can establish that [he] played a relatively minor role in the

conduct for which [he] has already been held accountable -- not a minor role in any

larger criminal conspiracy -- should the district court grant a downward adjustment

for minor role in the offense"). And, as the district court noted, this quantity of

drugs was quite large. See id. at 943 (a large amount of drugs is an important

factor in determining the availability of a minor role reduction). Contrary to

Fussell's assertion, he was more than a mere customer: he purchased large

quantities of drugs from leaders of a drug distribution conspiracy and

independently sold them to others.[2]

AFFIRMED.

---

[2]Fussell also generally argues that he is entitled to resentencing because, even after United States v. Booker, 125 S.Ct. 738 (2005), district courts still apply the Sentencing Guidelines as mandatory; and this mandatory application results in de facto constitutional violations. Fussell's argument has no merit: he does not argue -- nor does anything in the record indicate -- that the district court that sentenced him applied the guidelines as mandatory. We also note that Fussell received a sentence 76 months below the low end of his guidelines range.