[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16491
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00315-CR-14-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS MARCELLUS GREEN,
a.k.a. DD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 14, 2010)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Demetrius Marcellus Green appeals his sentence of 194 months'

imprisonment after pleading guilty to conspiracy to distribute and possess with intent to distribute crack and powder cocaine, in violation of 21 U.S.C. § 846. On appeal, Green argues that the district court clearly erred in determining the drug quantity for which he was held accountable for purposes of calculating his base offense level under U.S.S.G. § 2D1.1.

We review a district court's factual determination of the drug quantity attributable to a defendant for clear error. United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005). "In estimating the quantity of drugs attributable to a defendant, a court may base its computation on evidence showing the average frequency and amount of a defendant's drug sales over a given period of time." United States v. Frazier, 89 F.3d 1501, 1506 (11th Cir. 1996). "Although sentencing may be based on fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant, sentencing cannot be based on calculations of drug quantities that are merely speculative." United States v. Zapata, 139 F.3d 1355, 1359 (11th Cir. 1998).

In this case, the probation officer calculated the drug quantity for which Green was accountable by relying on an estimate provided by Green's drug supplier, Telly Petty. Petty later testified at Green's sentencing hearing and provided a more conservative estimate. Green argues that the district court erred

by adopting the probation officer's drug-quantity calculation, rather than using Petty's sworn testimony to calculate the drug quantity.

We find no reversible error. As the government correctly explains in its brief, even if the district court used the most conservative figures from Petty's testimony, Green's base offense level would have remained the same. Thus, even if the court erred by adopting the probation officer's drug-quantity calculation, any such error was harmless. We further reject Green's suggestion that Petty's varying estimates rendered him unreliable.

**AFFIRMED.**