[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 31, 2011
JOHN LEY
CLERK

No. 11-10011
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20399-AJ-1

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

HAROLD OSORIO,
a.k.a. Bladimir Pizza,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 31, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Harold Osorio appeals his 51-month sentence, which he received after he pleaded guilty to: (1) delivering a package containing a firearm to a common carrier without written notice, in violation of 18 U.S.C. §§ 922(e) and 2; (2) knowingly possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 2; (3) illegally concealing and exporting firearms, in violation of 18 U.S.C. §§ 554 and 2; and (4) conspiring to commit these offenses, in violation of 18 U.S.C. § 371. After review, we affirm.

I.

On May 14, 2010, Osorio and Jorge Motato, Osorio's alleged co-conspirator, went to Cargo Zone and tried to send a package under the alias "Bladimir Pizza" labeled "tools" to Osorio's deceased brother in Cali, Colombia. Agents stopped the shipment and inspected the package, which weighed 203 pounds and contained old, used tools layered over 4 Bushmaster .223 rifles, each with its serial numbers obliterated. Agents immediately arrested Osorio at Miami International Airport where he was preparing to board a flight to Colombia. Agents also arrested Motato.

Between August 2008 and May 2010, Osorio bought 26 firearms, mostly Bushmaster .223 rifles. Motato often accompanied Osorio to purchase the

firearms and sometimes purchased firearms himself.[1]  Meanwhile, Osorio and

Motato used Cargo Zone, a common carrier, to ship at least 10 packages marked

"tools" or "used tools" to Cali, Colombia.  Eight of these packages weighed

between 153 and 243 pounds, and all of the packages were shipped a few days

after Osorio purchased a firearm.  Osorio sent the packages under the alias

"Bladimir Pizza" or "Bladimir Osorio" and addressed the packages to a vacant

address under the name of his deceased brother.   Days after he shipped each

package, Osorio traveled to Colombia.

The presentence investigation report (PSI) set Osorio's base offense level at

26 because the probation officer concluded that Osorio's offense involved more

than 10 non-fully automatic small firearms.  U.S.S.G. § 2M5.2(a)(2).  Osorio

objected, arguing that his offense involved fewer than 10 firearms and, therefore,

his base offense level should be 14 rather than 26.  § 2M5.2(a)(1).  At his

sentencing hearing, he argued that the government failed to prove that he shipped

any of the other firearms he bought, so § 2M5.2(a)(2) could not apply.   The

district court overruled Osorio's objection, finding that his pattern of previous

firearm purchases, shipments, and trips to Colombia matched the events that

formed the basis of his conviction.  Thus, the district court found by a

---

[1] On October 6, 2010, the government dismissed the indictment against Motato.

preponderance of the evidence that Osorio shipped at least 7 of the 22 additional firearms from August 2008 to May 2010.  Osorio appeals this finding.

## II.

We review the district court's factual findings for clear error.  *United States v. Lopez-Garcia*, 565 F.3d 1306, 1323 (11th Cir. 2009).  "We cannot find clear error 'unless we are left with a definite and firm conviction that a mistake has been committed.'"  *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005) (quoting *Glassroth v. Moore*, 335 F.3d 1282, 1292 (11th Cir. 2003)).  When a defendant challenges one of the factual bases of his sentence, the government bears the burden of presenting reliable and specific evidence to establish the disputed fact by a preponderance of the evidence.  *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009).

## III.

We conclude that the district court did not clearly err by finding that Osorio shipped more than 10 firearms to Colombia.  Osorio's conspiracy conviction is analogous to drug-conspiracy cases in which the amount of drugs seized "does not reflect the scale of the offense," requiring the district court to "approximate the quantity of the controlled substance" for sentencing purposes.  *United States v.*

*Frazier*, 89 F.3d 1501, 1506 (11th Cir. 1996). In such cases, "a court may base its computation on evidence showing the average frequency and amount of a defendant's [illegal dealings] over a given period of time." *Id.* Although sentencing in this manner cannot be based on mere speculative calculations, sentencing "may be based on fair, accurate, and conservative estimates of the quantity of [illegal dealings] attributable to a defendant." *United States v. Zapata*, 139 F.3d 1355, 1359 (11th Cir. 1998).

The district court in this case conservatively determined based on reliable and specific evidence in the record that Osorio previously shipped at least 10 firearms to Colombia. Osorio purchased 26 firearms and shipped packages to Colombia days after most purchases. He shipped 10 packages in the same manner as the package found to contain 4 of the 26 firearms. The packages were roughly the same weight (approximately 150 to 200 pounds), were each labeled "tools" or "used tools," were shipped through Cargo Zone under the alias "Bladimir Pizza" or "Bladimir Osorio," and were sent to the address of Osorio's deceased brother. Osorio repeatedly traveled to Colombia after shipping a package, and he was apprehended while attempting to do the same. This evidence shows a pattern of behavior that, when compared to the circumstances of Osorio's conviction, demonstrate that he likely shipped a number of the unrecovered firearms as well.

Regarding the total number of firearms Osorio shipped, the district court's finding was not clear error. Osorio made 10 shipments in addition to the shipment agents seized. Because the seized shipment contained 4 firearms, the district court's estimate that he shipped at least 7 other firearms in any combination in the 10 previous shipments was conservative.

Because the district court's conclusion that Osorio shipped additional firearms was based on reliable and specific evidence, and because its estimation of the total number of firearms shipped was fair and conservative, the district court did not commit clear error in setting Osorio's base offense level at 26. Accordingly, we affirm the district court and the sentence imposed.

**AFFIRMED.**