[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15932
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00019-VMC-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRISTAN DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 26, 2012)

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Tristan Davis appeals his 57-month sentence, imposed after pleading guilty to conspiracy to possess with intent to distribute, and to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 ("Count 1"); and attempt to possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 ("Count 2").  Davis argues that the district court clearly erred in holding him accountable for 4,600 oxycodone tablets, which was the quantity estimated from post-arrest statements from Davis and his codefendant regarding the weekly shipments that Davis received during the course of the conspiracy.

We review a district court's factual determination of the drug quantity attributable to a defendant for clear error.  *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005).  We cannot find clear error unless we are left with "a definite and firm conviction that a mistake has been committed."  *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005) (quotation omitted).  When a defendant objects to a factual finding used to calculate his guideline sentence, such as drug amount, the government must establish the disputed fact by a preponderance of reliable and specific evidence.  *Rodriguez*, 398 F.3d at 1296; *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995).  Sentencing errors are harmless if they do not substantially affect the defendant's sentence.  *United States v. Foley*, 508 F.3d 627, 634 (11th Cir. 2007).

2

The Guidelines direct the court to approximate the quantity of the controlled substance when there is no drug seizure or the amount seized does not reflect the scale of the offense.  U.S.S.G. § 2D1.1, comment. (n.12).  We have held that, "[a]lthough sentencing may be based on fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant, sentencing cannot be based on calculations of drug quantities that are merely speculative." *United States v. Zapata*, 139 F.3d 1355, 1359 (11th Cir. 1998).  Undisputed statements found in the PSI can be considered to be admissions of fact for sentencing purposes. *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009).

The district court's finding that Davis was accountable for about 4,600 oxycodone pills was supported by the record and not clearly erroneous. Alternatively, Davis was not harmed by any error the court made in determining the drug quantity for which he was held responsible, given Davis's concession that the parcels could have contained a total of 4,300 oxycodone pills.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED.**

3