[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15457
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cr-00037-SLB-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEYON MONTEZ BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(September 10, 2018)

Before WILSON, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Keyon Montez Butler appeals his convictions for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and for aiding and abetting another felon to possess a Beretta .40 caliber pistol, *id.* §§ 2, 922(g)(1). Butler challenges the admission of a photograph depicting him with a gun at his waistband while holding a large amount of cash. We affirm.

We review a decision to admit evidence for abuse of discretion. *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003). We will not disturb an evidentiary ruling unless the district court commits an error that had a substantial influence on the outcome or that creates grave doubt about whether the error affected the outcome. *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005). An error is harmless when the verdict is supported by overwhelming evidence. *See United States v. Sanders*, 668 F.3d 1298, 1315 (11th Cir. 2012).

Evidence of a defendant's prior bad act is admissible to prove his intent or absence of mistake. Fed. R. Evid. 404(b)(2). The evidence must be relevant to an issue other than the defendant's character, supported by sufficient evidence to allow a jury to determine that the defendant committed the extrinsic act, and have probative value that is not substantially outweighed by the risk of undue prejudice. *Sanders*, 668 F.3d at 1314; *see also* Fed. R. Evid. 403. Extrinsic evidence is relevant to show intent if the state of mind required for the charged and extrinsic offenses is the same. *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir.

2

2007). There is sufficient proof of the extrinsic act if a jury could find by a preponderance of the evidence that the defendant committed the act. *Id.* at 1344. When weighing the probative value and prejudicial nature of evidence, the district court enjoys broad discretion to determine whether all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, and temporal remoteness favor admitting the evidence. *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003).

The district court did not abuse its discretion by admitting into evidence the photograph of Butler holding money with a pistol protruding from the waistband of his shorts. The photograph of Butler possessing a firearm was relevant to his intent, which he made a material issue by pleading not guilty to the firearm offenses. *See United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998). The photograph also proved that Butler, a convicted felon, possessed a firearm. Butler posted the photograph on his Facebook page three days after he sold a Beretta pistol to Mario Cobb, and the letters "PY" and the digits "431" visible on the firearm in the photograph matched the serial number of "PY06431" on the firearm that Cobb handed to agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives immediately after the transaction. *See Edouard*, 485 F.3d at 1345. The substance of the photograph and the speed with which the image appeared on Butler's social

3

media page after the firearm transaction made the photograph more probative than prejudicial. *See Jernigan*, 341 F.3d at 1282. And the district court eradicated any potential prejudice by twice instructing the jury about the limited purpose for which it could consider the photograph. *See United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011). The district court instructed the jury that, if it found "beyond a reasonable doubt from other evidence that [Butler] committed the acts charged in the indictment, then [it] may consider evidence of a similar act committed on another occasion to decide whether [Butler] had the state of mind or intent necessary to commit the crime charged in the indictment."

Even if we were to assume that the district court erred by admitting the photograph, that error was harmless. *Sanders*, 668 F.3d at 1315. Aside from submitting a screenshot of the photograph that Butler posted on Facebook, the government presented testimony from Cobb about his decade-long acquaintance with Butler and with another felon who helped to coordinate and who attended the sales transaction; about his text messages and telephone calls with Butler and the other felon; and about the sales transaction. The government also introduced audio recordings of telephone calls and of the sales transaction between Cobb and Butler and testimony from two federal agents who helped Cobb prepare for and travel to the sale and who listened to the transaction as it was taking place. The government presented an overwhelming case that Butler, a convicted felon, possessed firearms.

We **AFFIRM** Butler's convictions.