[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12110

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRYAN DAVID SOMERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:20-cr-00005-JPB-WEJ-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Bryan Somers appeals his convictions for receiving and distributing child pornography on the grounds that the district court improperly admitted evidence of prior acts under Federal Rule of Evidence 404(b). Because the district court did not abuse its discretion by admitting the evidence, we affirm.

## I.

BitTorrent is a peer-to-peer network that permits users to share files between other computers connected to the BitTorrent network. In June 2019, local law enforcement investigating users sharing child pornography via BitTorrent downloaded several videos and images of known child pornography from an IP address associated with the wireless router located in Somers's townhouse. Somers lived at the townhouse with his wife and his two stepchildren, an eight-year-old girl and a nine-year-old boy. Federal and state law enforcement agents searched the townhouse, finding on Somers's computer both intact images of child pornography as well as evidence of recently deleted files with filenames indicating they had contained child pornography. Metadata from these files indicated that they had been downloaded to Somers's computer via BitTorrent.

Somers pleaded not guilty to charges of possessing, receiving, and distributing child pornography. Before trial, the government moved to introduce evidence of prior acts under

Federal Rule of Evidence 404(b). Both of Somers's stepchildren had told investigators that Somers would sometimes look at their genitals before they entered the shower. Somers's eight-year-old stepdaughter also said that Somers would sometimes have her sit on his lap or on his bed while he inspected her genitals. The government sought to admit this evidence to prove Somers's knowledge and intent with respect to the child pornography offenses—specifically, it argued that the evidence would "show that he had a sexual interest in minors" and that he knew the images and videos he downloaded depicted underage children. Somers objected, arguing that the prior acts were inadmissible character evidence bearing only on his propensity to act a certain way. He also argued that, even if probative on some element of the offenses, the risk of unfair prejudice would substantially outweigh the evidence's probative value.

The district court permitted the government to introduce the prior-acts evidence at trial, but with several limitations. *First*, the court instructed the jury that it could only be used for the purpose of determining whether Somers had the knowledge or intent necessary to commit the charged crimes, not whether he actually committed those crimes. *Second*, the court limited the government to calling only one of Somers's two stepchildren to testify. *Third*, the court permitted the government to elicit testimony from the child only about Somers's visual inspections, not about any alleged touching. And *fourth*, the court prohibited the government from suggesting that the evidence showed Somers had a general sexual interest in children, reasoning that this

argument would constitute impermissible character evidence. The government opted to call Somers's stepdaughter as a witness.

Somers's principal defense at trial was that because IP addresses identify only a router, not a specific device connected to that router, someone else could have accessed Somers's unsecured internet connection and have been responsible for the child pornography investigators identified from BitTorrent. As for the images and deleted files found on Somers's computer, he argued that it was possible that malware or a computer virus could have downloaded those files without his knowledge.

The jury convicted Somers on the charges of distributing and receiving child pornography. This is his appeal.

## II.

We review the admission of prior-acts evidence under Federal Rule of Evidence 404(b) for abuse of discretion. *United States v. Calderon*, 127 F.3d 1314, 1331 (11th Cir. 1997).

## III.

We apply a three-part test for admissibility of evidence of a defendant's prior acts under Federal Rule of Evidence 404(b). "First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, the evidence must be sufficient to support a finding that the defendant actually committed the extrinsic act. Third, the probative value of the evidence must not be substantially outweighed by unfair prejudice." *Id.* at 1330 (quotation omitted). Somers concedes that

the second element of the test is met because there was sufficient evidence for a jury to conclude that the acts alleged by his stepdaughter happened.

Somers first argues that the evidence of his visual examinations of his stepdaughter's genitals was irrelevant on any issues other than character. Because his only defense at trial was that someone or something else could have been the source of the child pornography files shared by his router and saved on his computer, Somers's argument goes, his visual inspections of his stepdaughter's genitals had no relevance to any issue in the case and their introduction could only have been an impermissible attempt to show propensity.

Our Circuit's precedents foreclose this argument. By pleading not guilty, a criminal defendant makes his intent relevant, which the government may prove via Rule 404(b) evidence. *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998). Somers's eight-year-old stepdaughter's testimony about his visual inspections of her genitals falls into this category because it is evidence that he was familiar with the appearance of children's genitalia and that he intended to look at pornographic images of children.

The fact that Somers's main defense at trial was that someone or something else could have been the source of the child pornography images does not change anything. In *United States v. Kapordelis*, a criminal defendant charged with producing, receiving, and possessing child pornography argued, like Somers, that

someone else could have been responsible for the images being on his computer. 569 F.3d 1291, 1313 (11th Cir. 2009). We held that evidence that the defendant had previously engaged in trysts with underage boys was relevant, because it tended to show the defendant's knowledge and rebut his identity defense. *Id.* at 1313–14. So too here.

Next, Somers argues that the unfair prejudice posed by the prior-acts evidence substantially outweighed any probative value. This argument also fails. We have repeatedly found that an appropriate limiting instruction reduces the risk of unfair prejudice from the introduction of Rule 404(b) evidence. *See, e.g.*, *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993); *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005); *United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007). Here, not only did the district court issue a limiting instruction to the jury, it limited the government to only one prior-acts witness and barred the government from eliciting testimony on subjects that would tend towards impermissible propensity evidence. The district court did not abuse its discretion by concluding these steps ensured that the probative value of the stepdaughter's testimony was not substantially outweighed by undue prejudice to Somers.

★    ★    ★

The district court did not abuse its discretion by admitting the Rule 404(b) evidence. Accordingly, we **AFFIRM** Somers's conviction.