[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15977
Non-Argument Calendar
_____

D.C. Docket No. 6:08-cr-00012-BAE-GRS-8


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEAN ROBERSON,

Defendant-Appellant,


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 28, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Sean Roberson appeals his 78-month sentence, which the district

court imposed after he pled guilty to one count of conspiracy with intent to

distribute, and to distribute, a quantity of cocaine base, and a quantity of cocaine hydrochloride, 21 U.S.C. § 846. On appeal, Roberson argues that the district court erred in calculating the drug quantity attributed to him for sentencing purposes. Roberson also argues that his above-guideline sentence was unreasonable where the district court imposed an upward variance.

We review a district court's findings of drug quantity for clear error. *United States v. Smith*, 240 F.3d 927, 930-31 (11th Cir. 2001). When the drug amount that is seized does not reflect the scale of the offense, the district court must approximate the drug quantity. *United States v. Frazier*, 89 F.3d 1501, 1506 (11th Cir. 1996). In estimating the drug quantity attributable to the defendant, the court may rely on evidence demonstrating the average frequency and amount of a defendant's drug sales over a given period of time. *Id.* This determination may be based on fair, accurate, and conservative estimates of drug quantity attributable to a defendant but it "cannot be based on calculations of drug quantities that are merely speculative." *United States v. Zapata*, 139 F.3d 1355, 1359 (11th Cir. 1998).

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed.2d 445 (2007). In determining substantive reasonableness, we examine the totality of the circumstances, including an evaluation of whether the statutory

2

factors in § 3553(a) support the sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The district court is required to impose a sentence that is sufficient, but not greater than necessary to comply with the purposes listed in 18 U.S.C. § 3553(a)(2) including the need to deter criminal conduct and protect the public from the defendant's future criminal conduct. The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The reasonableness of a sentence may also be indicated when the sentence imposed was well below the statutory maximum sentence. *See Gonzalez*, 550 F.3d at 1324. When the district court imposes a variance, it should explain with sufficient justification why the variance is appropriate. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009). "The justification must be compelling enough to support the degree of the variance and complete enough to allow for meaningful appellate review." *Id.*(internal quotation marks omitted). We will vacate the sentence because of a variance "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences." *Id.* (internal quotation marks omitted).

We conclude from the record that the district court did not clearly err in its determination of the drug quantity attributable to Roberson for sentencing purposes

3

because its calculation was based on evidence related to the frequency of the drug sales and the amount of drugs sold to Roberson, and it was a fair and conservative estimate. *See Frazier*, 89 F.3d at 1506; *Zapata*, 139 F.3d at 1359.    Furthermore, the district court did not abuse its discretion in imposing a variance because the variance was justified by Roberson's extensive criminal history, the failure of previous sentences to deter him, and the need to protect the public from his drug addiction and criminal conduct.  Accordingly, we affirm Roberson's sentence.

**AFFIRMED.**