[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14034
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00119-TJC-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON MEREDITH HARDY,
a.k.a. BrandonGA,
a.k.a. bmhhpd,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 29, 2013)

Before HULL, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Brandon Hardy appeals his conviction for attempting to persuade, induce, entice, or coerce a person whom he believed had not attained 18 years of age to engage in sexual activity constituting a criminal offense, in violation of 18 U.S.C. § 2422(b).  For the reasons set forth below, we affirm Hardy's conviction.

I.

At trial, the government presented the testimony of Charles McMullen, who previously worked in an undercover capacity for the Florida Attorney General's Child Predator Cybercrime Unit.  In April 2011, McMullen, posing as a 12-year-old boy named "Paul" logged into a teen-chat website and received a private message from Hardy.  Paul informed Hardy that he was 12 years' old.  Through a series of online conversations, Hardy and Paul discussed numerous sexual acts in graphic detail and made plans for Hardy to drive to meet Paul.  Within five days of speaking with Paul, Hardy drove from his home in Georgia to the address in Florida where Paul claimed that he lived.  Upon arriving at the address, law enforcement arrested Hardy, and he told law enforcement that, had he not been arrested, he only intended to "hang out" with Paul.  Also at trial, Hardy renewed an objection under Fed.R.Evid. 404(b) ("Rule 404(b)") that he had made prior to trial concerning a government witness's testimony as to the descriptions of three images of child pornography that Hardy possessed in November 2010.  The court overruled Hardy's objection because the images were probative of his intent,

2

as the images showed underage boys in various sexual positions and illustrated Hardy's sexual interest in underage boys.  Thus, the testimony concerning the images was admitted.  The jury found Hardy guilty, and the court sentenced him to 120 months' imprisonment.

## II.

On appeal, Hardy argues that the evidence was insufficient to show that he intended to persuade, induce, entice, or coerce "Paul" to engage in sexual activity with him, but Hardy concedes that the other elements of the offense are not in dispute.  Hardy asserts that, although he discussed sexual acts with Paul and drove from Georgia to Florida to meet him, Paul appeared to be "completely on board" with Hardy's suggestions and constantly reassured Hardy that Paul wanted "to get together."  Although Hardy was the one who first suggested that he and Paul "hang out," Hardy refused to visit Florida at least six times before he traveled to Florida. Hardy further argues that he did not state what he would like to do with Paul if they were together until Paul encouraged Hardy, and that Paul's statements made Hardy believe that Paul was eager to meet and engage in sexual acts with Hardy. Hardy asserts that his post-arrest statement to law enforcement illustrates that he did not possess the requisite intent, as he informed law enforcement that he was "just a big talker" and that he "probably would just have taken Paul out to eat and then dropped him at home."  According to Hardy, the evidence showed that Hardy

3

did not entice Paul, but rather was coaxed along by McMullen.  Hardy asserts that this conclusion is consistent with his sexual history, as he did not become sexually active until the year that he was arrested.

We review a challenge to the sufficiency of the evidence *de novo*, drawing all reasonable inferences in favor of the verdict.  *United States v. Lee*, 603 F.3d 904, 912 (11th Cir. 2010).  Further, we will not disturb the verdict unless no trier of fact could have found guilt beyond a reasonable doubt.  *Id.*  It is not necessary that the evidence presented at trial excludes every reasonable hypothesis of innocence or is wholly inconsistent with every conclusion except that of a defendant's guilt.  *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011).

An offense under § 2422(b) occurs where a defendant "knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense."  18 U.S.C. § 2422(b).  In order to prove an attempt to commit § 2422(b), the government must prove that (1) the defendant acted with a specific intent to persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity, and (2) he took a substantial step toward the commission of the offense.  *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004).  With regard to intent under § 2422(b), the government must prove that the defendant intended to cause assent on the part of the minor, not that he acted

4

with the specific intent to engage in sexual activity. *Lee*, 603 F.3d at 914. Thus, the statute "criminalizes an intentional attempt to achieve a mental state—a minor's assent." *Id.* (quotation omitted). We have determined that a defendant possessed the specific intent to persuade, induce, entice, or coerce minors to engage in criminal sexual activity where the evidence at trial showed that the defendant (1) initiated contact with an undercover agent who was posing as three minor girls, (2) repeatedly asked the minors to engage in oral sex and sexual intercourse, (3) posted pictures of his genitalia, (4) made arrangements to meet the minors, and (5) arrived at the scheduled time and place to meet one of the minors. *United States v. Yost*, 479 F.3d 815, 816, 819 (11th Cir. 2007).

Here, the evidence was sufficient for a reasonable jury to find beyond a reasonable doubt that Hardy intended to persuade, induce, entice, or coerce "Paul" to engage in illegal sexual activity with him. First, Hardy initiated contact with Paul on a teen-chat website, and Paul informed Hardy that he was 12 years' old. Next, the text of the online conversations Hardy had with Paul show that Hardy suggested numerous sexual acts that he wanted to perform on Paul. These conversations further show that, in order to entice Paul to assent to these acts, Hardy repeatedly told Paul that the sexual activity would make Paul "feel good," that the activity would be "a lot of fun," and that Paul would enjoy the activities. Hardy also repeatedly indicated how "hot" Paul was. Contrary to Hardy's

5

argument, the record shows that he often suggested sexual activities without any encouragement from Paul. Additionally, Hardy told Paul that he would bring a picture to their meeting in order to sexually arouse Paul, and Hardy actually brought an image of an adult male anally penetrating a prepubescent child to the meeting. Hardy also brought strawberry lubricant with him to the meeting after stating, during a conversation with Paul, that Hardy would use that type of product while engaging in sexual activity with Paul.

Further, although Hardy asserts that he avoided making plans with Paul, Hardy was the first to suggest that they "hang out." Additionally, Hardy drove to meet Paul within five days of first speaking with him, and the record shows that Hardy would have visited Paul sooner if he had not been intoxicated during one of the online conversations. Next, although Hardy contends that the evidence shows that he was just a "big talker" and would not actually have engaged in sexual activity with Paul, the jury was allowed to disbelieve Hardy's statement during the post-arrest interview, in light of the other evidence illustrating that he intended to entice Paul into engaging in sexual activity with him. *See United States v. Farley*, 607 F.3d 1294, 1334 (11th Cir. 2010) (finding that the district court, as the trier of fact, was allowed to believe the defendant's repeated communications that he was "for real" and to disbelieve his insistence at trial that it was a fantasy). Therefore, we conclude that sufficient evidence supported the jury's finding that Hardy

6

intended to persuade, induce, entice, or coerce Paul to engage in sexual activity. *See Yost*, 479 F.3d at 819.

### III.

Hardy argues that the district court abused its discretion in allowing a government witness to describe the images of child pornography found on Hardy's computer in November 2010, five months before the charged offense. Hardy argues that the evidence was only relevant to his character, as the court determined that the recovered images were probative of Hardy's sexual interest in underage boys. Hardy contends that research shows that the fact that he has a sexual interest in underage boys bears little on whether he intended to entice an underage boy to engage in sexual acts with him. Hardy further argues that, even if the evidence of his prior possession of child pornography had some probative value, it was slight, as the evidence's value was duplicative of the images discovered on Hardy's laptop when he was arrested in Florida. Hardy contends that the November 2010 images had little probative value because (1) the images did not depict sexual contact between an adult male and an underage boy, (2) the images were not mentioned to Paul, and (3) Hardy did not have the images on his laptop when he arrived at the home. Hardy also contends that any probative value the images may have had was outweighed by the prejudice resulting from the admission of the description of the images, as evidence that a defendant has possessed child

7

pornography is extremely prejudicial.  Hardy asserts that the evidence was especially damaging in his case, as his intent was such a disputed issue at trial.

A district court's evidentiary rulings under Rule 404(b) are reviewed for an abuse of discretion.  *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005).  Evidence of a person's character is not admissible for the purpose of proving action in conformity therewith on a particular occasion.  Fed.R.Evid. 404(a); *United States v. Stephens*, 365 F.3d 967, 975 (11th Cir. 2004) (holding that there is a broad prohibition on the introduction of character evidence).  Evidence falls outside of the scope of Rule 404 when it is inextricably intertwined with the evidence regarding the charged offense.  *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

Rule 404(b), however, allows evidence of other acts to be admitted for the purpose of showing a defendant's intent.  Fed.R.Evid. 404(b).  To be admissible, the Rule 404(b) evidence must be: (1) relevant to an issue other than the defendant's character; (2) proved sufficiently to permit a jury determination that the defendant committed the act; and (3) of such a character that its probative value is not substantially outweighed by undue prejudice, as well as satisfying the other requirements of Fed.R.Evid. 403.  *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003).  With respect to the first prong, evidence is relevant where it has a tendency to make a fact of consequence more or less probable than it would be

8

without the evidence.  Fed.R.Evid. 401.  With respect to various offenses, we have held that a defendant who pleads not guilty renders his intent a material issue, absent the defendant taking affirmative steps to remove intent as an issue.  *See United States v. Zapata*, 139 F.3d 1355, 1357-58 (11th Cir. 1998) (addressing intent as to a drug-trafficking offense); *United States v. Taylor*, 417 F.3d 1176, 1182 (11th Cir. 2005) (addressing intent as to a felon-in-possession offense).  To establish relevance under the first prong, it must be determined that the extrinsic act requires the same intent as the charged offense.  *See United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001).  The "same intent" requirement will be satisfied if the prior act and the charged crime "involve the same mental state."  *Id.*

In applying the third prong of the Rule 404(b) test, the probative value of the Rule 404(b) evidence must not be substantially outweighed by its prejudicial effect.  *Jernigan*, 341 F.3d at 1282.  To make this determination, a district court must assess all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, and temporal remoteness.  *Id.*  A district court's limiting instruction can reduce the risk of undue prejudice.  *Edouard*, 485 F.3d at 1346.  A similarity between the other act and a charged offense will make the other act highly probative as to a defendant's intent in the charged offense.  *Ramirez*, 426 F.3d at 1354.

Here, the district court did not abuse its discretion in finding that the evidence of Hardy's prior possession of child pornography was admissible under Rule 404(b). In examining the first prong of the Rule 404(b) analysis, Hardy rendered his intent a material issue by pleading not guilty. *See Zapata*, 139 F.3d at 1357-58; *Taylor*, 417 F.3d at 1182. Further, in his post-arrest statement, which he mentioned in his opening statement and was admitted at trial, he stated that he never intended to actually engage in sexual activity with Paul. On cross-examination, Hardy also asked McMullen several questions calculated to demonstrate that McMullen had "led Mr. Hardy on" and that Hardy's statements during the conversations were merely his fantasies. Thus, Hardy actively disputed that he had the requisite intent throughout the trial. Next, the possession of child pornography depicting young boys and the charged offense involve the same mental state, as both involve a sexual interest in young boys. *See Dickerson*, 248 F.3d at 1047. As the district court determined, it is plain that evidence indicating that Hardy was sexually interested in young boys makes it more likely that he intended to persuade, induce, entice, or coerce a 12-year-old boy to engage in sexual activity with him. *See* Fed.R.Evid. 401. Additionally, evidence that Hardy had possessed actual child pornography was relevant to proving that his interest extended beyond mere fantasy or just talk. Thus, we conclude that the evidence was relevant to showing Hardy's intent and that the first prong of the Rule 404(b)

10

analysis is satisfied.  Hardy does not dispute that he actually possessed the November 2010 images, and thus, the second prong of the Rule 404(b) analysis is also met.

Next, the probative value of the images was not substantially outweighed by their prejudicial effect.  The images were probative of showing Hardy's sexual interest in boys, and thus, his intent to entice a 12-year-old boy to engage in sexual activity.  The government had a need for this evidence, as Hardy indicated in his post-arrest statement that (1) he only intended to "hang out" with Paul, and (2) his conversations with Paul were like a "big brother type deal" and made him feel as though he was "mentoring or helping."  Evidence of his sexual interest in young boys was probative of showing that he engaged with conversations with Paul online with the intent to achieve his assent to unlawful sexual activity, as opposed to mentoring Paul without ever intending to entice him to engage in sexual activity.  The images also are not so remote in time that they no longer could be considered probative of Hardy's intent.  *See United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (providing that a 15-year time-span did not render the extrinsic acts too remote for proper consideration, despite the fact that the acts involving drugs differed in nature).

Further, any prejudicial effect caused by the descriptions of the images was reduced because, at the time a witness described three of the November 2010

11

images, the jury already was aware that Hardy had possessed child pornography.

Further, the images were not admitted, but were only described to the jury, and the

court also provided a limiting instruction as to the use of the images. *See Edouard*,

485 F.3d at 1346. Thus, the probative value of the images was not substantially

outweighed by undue prejudice. Therefore, we conclude that the district court did

not abuse its discretion in admitting descriptions of the November 2010 images.

For the foregoing reasons, we affirm Hardy's conviction.

**AFFIRMED.**